By the Court,
Nelson, Ch. J.
The plaintiff should have disregarded the plea of tender,- as it was not accompanied with a notice that the money had been paid into court; (Tidd’s Pr. 566; 1 Arch. Pr. 137; 2 id. 101; 1 Burrill’s Pr. 407;) but as he omitted to do so, and replied taking issue, it may be doubtful, in case he fails on the issue, whether he can reach the fund, if beyond his control, short of a special motion to get rid of the proceedings on such terms as the court under the circumstances may impose, and thus enable himself to take advantage of the defect in the plea as he might have done in the first instance; Whether the money has been paid into court, does not seem to be involved in the issue; and it was not, therefore, a question proper to be litigated on the trial. The sole question there was upon the fact of tender or not. (Saund. Pl. & Ev. 834.) The effect of not paying the money into court on a plea of tender, is a point of practice to be dealt with summarily, like all questions of that kind. The omission to pay in the money was but an irregularity, which the plaintiff waived by accepting a plea and taking issue upon it.
*541 The plaintiff’s admission of an authority in James to receive payment of the $127, was sought to be inferred from his silence in respect to James’ testimony on the trial of a cause in Vermont, given in the presence of the plaintiff. James testified on that occasion that he exercised a kind of supervision over the plaintiff’s affairs / and because the plaintiff allowed this testimony to be given without expressing his dissent, the inference above stated is sought to be derived from his silence. It struck me on the argument, that" this mode of reaching such an inference was extremely unjust, destitute of any sound principle, and bore no analogy to the general rule of evidence upon which it was attempted to be supported. No authority on the point was referred to on either side; but, on looking into the cases, I find it abundantly settled that the evidence justified no such inference as was sought to be derived from-it, and should have been rejected.
In Rex v. Appleby, (3 Stark. Rep. 33,) on the trial of an indictment against three, the prosecutors proposed to prove that, on an examination before the magistrate, one of the prisoners was charged, by the testimony of another, with having committed the felony jointly with the latter; and that the former, though present, did not deny it. Holroyd, J. rejected the evidence, observing, that it was not competent and that it had been repeatedly so ruled by the other judges. In Melen v. Andrews, (1 Mood. & Malk. 336,) which was case for maliciously laying an information against the plaintiff, the defendants proposed to prove what a witness had testified to before the magistrates who received the information, claiming it to be competent evidence on the ground that it was testified to in the presence of Melen, who had the opportunity of cross-examination and of remarking upon the testimony; and that it was therefore admissible upon the common principle, as showing his conduct when particular statements were made in his presence : But Park, J. rejected the evidence offered, saying, "I think it is safer to refuse it, and to hold that the depo *542 sition of a witness, taken in a judicial proceeding, is not evidence on the ground that the party against whom it is sought to be read was present and had the opportunity of cross-examining. It clearly would not be admissible against a third person, who merely happened to be present, and who, being a stranger to the matter under, investigation, had not the right of interfering; and I think the same rule must apply here. It is true that the plaintiff might have cross-examined, or commented on the testimony; but still, in an investigation of this nature, there is a regularity of proceeding adopted which prevents the party from interposing when and how he pleases, as he would in a common conversation. . The same inferences, therefore, cannot be drawn from his silence, or his conduct in this case, which generally may in that of á conversation in his presence.” (See also Finden v. Westlake, id. 463, 464 ; Roscoe’s Cr. Ev. 49; 1 Phil. Ev. 116; Cowen Hill’s Notes, 193, 246.) In Hovey v. Hovey, (9 Mass. Rep. 207,) it was held, that a party’s procuring a deposition of a witness is no evidence that he admits the truth of facts therein contained so that they may be used against him.
It may very well be, and does in fact not unfrequently happen, that a party is taken by surprise at parts or the whole of. the testimony of a witness that he has himself called upon the stand, and that he knows the testimony to be untrue and founded in mistake; but this affords no good reason for rising and denying the truth of it, nor could he do so without breaking in upon the orderly proceedings of the court, or justly exposing himself to its animadversion. Besides, the principle, if carried out, would not stop here; the party sitting by would be exposed not only to the implied admission by his silence of the truth of the matters testified to by his own witnesses, but also by those of the opposite party; for, the reason for inferring an admission from silence is as strong in the one case as in the other.
It was insisted upon the argument, that the proof of what James testified to before the justice in the presence *543 of the plaintiff, was admissible upon the assumption that it would or might be followed up by proof that the plaintiff heard, and assented to it; and accordingly, evidence was immediately given that the plaintiff was in court, near the witness when he was testifying, that the testimony was supposed to have been heard by the plaintiff, and that he made no reply. But to sustain the decision upon this view, would be an obvious evasion of the rule that goes to exclude such evidence. The answer is, that the proof given and objected to was irrelevant and incompetent for the purpose avowed and as followed up by the further examination. It is manifest, the evidence was offered and received under an idea that the plaintiff was chargeable, from his silence, with admitting the truth of the statements contained in his brother’s testimony. If not, why follow up the examination, by showing his presence, his relative position to the witness, the probability of his having heard the relation, and that he indicated no dissent 1
I think a new trial should be granted, costs to abide the event.
New trial granted.